09-1660-ag
Dukureh v. Holder

BIA
A073 049 221

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand ten.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

BAKAMO DUKUREH,
           *Petitioner*,

           v.                                    09-1660-ag

                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
           *Respondent*.

_____

FOR PETITIONER:        Ronald S. Salomon, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Nancy E. Friedman, Senior

**Litigation Counsel, Civil Division,**
**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Bakamo Dukureh, a native and citizen of Gambia, seeks review of the March 23, 2009, order of the BIA denying his motion to reconsider. *In re Bakamo Dukureh*, No. A073 049 221 (B.I.A. Mar. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, an alien files a timely petition for review from the denial of a motion to reconsider, but not from the underlying decision for which reconsideration is sought, we may review only the denial of the motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). To the extent that Dukureh challenges the BIA's denial of his motion to reconsider, we find that the BIA reasonably denied that motion because he failed to specify errors of fact or law in its prior decision as required by 8 C.F.R. § 1003.2(b)(1). As the BIA

2

found, it was entitled to apply its holding in *Matter of A-K-*, 24 I&N Dec. 275 (BIA 2007) rather than cases from other circuits that had been issued prior to that precedential decision.[1]

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Our recent decision in *Kone v. Holder* is not to the contrary.  **See — F.3d —, No. 08-1445-ag, 2010 WL 653258, at 9 (2d Cir. Feb. 25, 2010).**  The petitioner in **that case had suffered past persecution in the form of FGM.**  In light of that persecution, we encouraged the BIA to "consider [] whether the mental anguish of a mother who was herself a victim of genital mutilation who faces the choice of seeing her daughter suffer the same fact, or avoiding that outcome by separation from her child, may qualify as such 'other serious harm,'" as specified in the humanitarian asylum regulation.  Id.  Here, however, Dukureh does not allege that he suffered past persecution.

3